UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LARRY M. HOAK,<br><br>                    Petitioner,<br><br>         v.<br><br>STATE OF IDAHO,<br><br>                    Respondent. | Case No. 1:09-cv-0389-EJL<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

Pending before the Court in this habeas corpus matter is Respondent's Motion for Summary Dismissal. (Dkt. 52.) Other non-dispositive motions are also pending (Dkts. 56, 57, 59.) The Court finds that the parties have adequately stated the facts and legal arguments in their briefs and that the decisional process would not be significantly aided by oral argument. In the interest of avoiding delay, the Court will decide this matter on the written motion, briefs, and record without oral argument. D. Idaho L. Civ. R. 7.1.

For the reasons set forth below, Respondent's Motion for Summary Dismissal will be conditionally granted. Before the Court enters judgment, however, Respondent shall supplement the existing lodging of the state court record with documents from Petitioner's state court post-conviction proceeding, and the parties shall have an

**MEMORANDUM DECISION AND ORDER - 1**

opportunity to address the applicability of *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), or *Maples v. Thomas*, 132 S.Ct. 912 (2012), to this case.

## BACKGROUND

After a jury trial in state court, Petitioner was convicted of felony stalking. (State's Lodging A-2, pp. 216-17.) The trial court applied a persistent violator enhancement and sentenced him to life in prison, with the first ten years fixed. (*Id.* at 218.)

On appeal, Petitioner's counsel argued that the trial court had erred in admitting evidence of Petitioner's prior bad acts under Idaho Rule of Evidence 404(b) ("I.R.E. 404(b)"). (State's Lodging B-1.) Petitioner also submitted his own *pro se* supplemental brief, in which he alleged primarily that the trial judge should have disqualified herself because she was biased against him. (State's Lodging B-2.) The Idaho Court of Appeals rejected the I.R.E. 404(b) argument and it did not address Petitioner's supplemental brief. (State's Lodging B-5.) Petitioner's counsel filed a petition for review in the Idaho Supreme Court, reasserting the same evidentiary claim that he had raised in the Court of Appeals, but the Idaho Supreme Court declined to review the case. (State's Lodging B-8.)

While the direct appeal was still pending, Petitioner filed an application for post-conviction relief in the state district court. (State's Lodging C-1.) The trial court then stayed the proceedings pending the completion of the direct appeal. (*Id.*)

Before the Idaho Supreme Court had issued its remittitur on direct appeal and while the post-conviction matter was still pending in the state district court, Petitioner filed a Petition for Writ of Habeas Corpus in this Court. (Dkt. 2.) The case was assigned

**MEMORANDUM DECISION AND ORDER - 2**

to United States Magistrate Judge Ronald E. Bush, who conducted an initial review of the Petition and ordered it to be served on Respondent. (Dkt. 7.) Because Petitioner's state court matters had not yet concluded, the Judge Bush later stayed the federal case. (Dkt. 17.) Petitioner's state post-conviction petition was then dismissed in late 2010, but Petitioner did not appeal the state district court's decision to the Idaho Supreme Court. (State's Lodging C-1.)

The stay of the federal case was lifted, and Petitioner filed an Amended Petition on July 7, 2011. (Dtk. 36.) In his Amended Petition, he claims that (1) his rights under the Fifth, Sixth, and Fourteenth Amendments were allegedly violated because the prosecutor withheld favorable evidence and lied about having a tape recording of Petitioner's threats to the victim;[1] (2) the trial court violated his Sixth Amendment right to call witnesses on his behalf and conspired with the prosecutor and appointed defense counsel; (3) he was deprived of his Sixth Amendment right to the effective assistance of trial counsel; and, liberally construed, (4) his sentence violates the Eighth Amendment's prohibition on cruel and unusual punishment. (Dkt. 36, pp. 2-3.)

Respondent has responded to the Amended Petition by filing a Motion for Summary Dismissal, arguing that all claims must be dismissed because Petitioner did not exhaust them properly in the state courts and, because it is too late to do so, the claims are

---

[1] In his Petition, Petitioner initially contends, without elaboration, that Claim 1 is based on the prosecutor charging him with lewd conduct with a minor. (Dkt. 36, p. 2.) The Court construes this claim instead to be based on the factual allegations that Petitioner has included in the section he has labeled, "First Claim, Supporting Facts," in which he discusses the prosecutor's alleged withholding of favorable evidence.

**MEMORANDUM DECISION AND ORDER - 3**

now procedurally defaulted. (Dkt. 52.) Petitioner has filed a "Motion: Response to Respondent's Motion for Summary Dismissal" (Dkt. 54), in addition to other non-dispositive motions (Dkts. 57, 59.)

The case was reassigned to the undersigned District Judge because not all parties consented to a United States Magistrate Judge under 28 U.S.C. § 636(c). (Dkt. 61.)

Having been fully informed in these matters, the Court is now prepared to issue its ruling

## PETITIONER'S PRELIMINARY MOTIONS

Petitioner has submitted two motions, which he has labeled (1) a "Motion: Rule 60(A)(B) Requesting Relie[f]" and (2) a "Motion - Transcripts To: J." (Dkts. 57, 59.) With respect to the second motion, the Court finds that the transcript that Petitioner apparently seeks to have the Court review is already a part of the state court record that Respondent has lodged. Because the transcript is in the existing record, Petitioner's "Motion - Transcripts To: J" will be dismissed as moot.

In Petitioner's "Motion: Rule 60(A)(B) Requesting Relief," he appears to seek reconsideration of Judge Bush's order granting Respondent's Motion to Strike some of his filings from the record. Judge Bush entered this order after Petitioner had failed to follow the Court's explicit instruction that Petitioner raise all grounds for relief in a single amended pleading. (Dkt. 47.) In reaching his conclusion, Judge Bush noted that "although the Court construes pro se filings liberally and may overlook technical violations of certain procedural requirements when warranted, Petitioner has been

MEMORANDUM DECISION AND ORDER - 4

specifically advised to submit his claims in one pleading rather than in a piecemeal fashion." (*Id*. at 2.) Judge Bush also found that Petitioner would not be prejudiced because he had presented his claims in his Amended Petition and would have an opportunity to respond to Respondent's arguments for denial of relief or dismissal in due course. (*Id*.) After reviewing the record, this Court agrees with Judge Bush's analysis, and Petitioner has offered no reason to reconsider the order to strike.

Petitioner has also recently re-submitted a reply brief that he previously filed in support of a motion for a telephonic hearing, which Judge Bush denied on October 31, 2011. (Dtk. 47.) For reasons that he does not specify, he has attached assorted new documents with the reply. While the Court will deny Respondent's request to strike these documents from the record, it finds them to be irrelevant to the matters at hand and will not consider them.

The Court now turns to Respondent's argument that all claims in the Amended Petition must be dismissed as procedurally defaulted.

## RESPONDENT'S MOTION FOR SUMMARY DISMISSAL

**1.    Standard of Law**

A habeas petitioner must exhaust his remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This means that the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims

**MEMORANDUM DECISION AND ORDER - 5**

to the state courts so they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Baldwin v. Reese*, 541 U.S. 27 (2004). In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *O'Sullivan v. Boerckel*, 526 U.S. at 845.

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be "procedurally defaulted." *Gray v. Netherland*, 518 U.S. 152, 161 (1996). A habeas claim is also procedurally defaulted when the petitioner actually raised the claim in state court, but the state court denied or dismissed the claim after invoking a state law ground that is independent of federal law and is adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). A federal court cannot reach the merits of a procedurally defaulted claim unless the petitioner can establish cause for his default and actual prejudice, or he can show a miscarriage of justice in his case, which means that he is probably innocent. *Coleman*, 501 U.S. at 750.

**2.     Discussion**

The analysis of the exhaustion issue in this case is relatively straightforward: Petitioner has never presented any of his current constitutional claims to the Idaho Supreme Court. On direct appeal, his attorney raised a single issue challenging the district court's admission of certain evidence, but he framed the issue entirely under

**MEMORANDUM DECISION AND ORDER - 6**

Idaho state evidentiary rules, and he did not rely on the United States Constitution to support his argument. The failure to provide a federal constitutional basis in state court means that the state courts did not have a full and fair opportunity to address the same claim that Petitioner has raised in federal court. *Baldwin v. Reese*, 541 U.S. 27 (2004).

Although Petitioner lodged a *pro se* supplemental brief in the Idaho Court of Appeals during the direct appeal, there is no indication that the Idaho Court of Appeals considered the brief to be properly filed. To the contrary, Petitioner did not request permission to file the brief and the Court of Appeals did not mention it in its opinion. In any event, to exhaust a claim properly, a habeas petitioner must have asserted all claims in the *highest* state court, *see O'Sullivan v. Boerckel*, 526 U.S. at 845, and the petition for review that was filed in the Idaho Supreme Court did not contain any claim from Petitioner's supplemental brief.

Likewise, while Petitioner filed an application for post-conviction relief in the state district court, he failed to appeal after the district court summarily dismissed the petition. (State's Lodging C.) Therefore, no claims that Petitioner had raised in the post-conviction matter were properly exhausted.

All of the claims must be dismissed as procedurally defaulted unless Petitioner can show cause and prejudice to overcome the default, or he can establish that the failure to consider the claims will result in a miscarriage of justice, also known as a compelling showing of actual innocence. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show cause, a habeas petitioner must ordinarily demonstrate that some

**MEMORANDUM DECISION AND ORDER - 7**

objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray*, 477 U.S. at 488. To show prejudice, the petitioner bears the burden of demonstrating that the errors "worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

The Court has reviewed Petitioner's Response, which focuses on the alleged "lies" that the victim told and Petitioner's other generalized complaints about the fairness of the trial. (Dkt. 54.) This does not show an external impediment that prevented Petitioner from complying with state procedural rules for raising his claims at the correct time and in the correct manner. It is therefore not a valid "cause" that would excuse a procedural default.

It may be that Petitioner is asserting that he is actually innocent, though that is not entirely clear. Such an argument would not entitle him to relief, however. A compelling showing of actual innocence can satisfy the fundamental miscarriage of justice exception to procedural default, allowing a court to review otherwise defaulted claims on their merits. *Schlup v. Delo*, 513 U.S. 298, 315, 324 (1995). But to establish such a claim, a petitioner must come forward with "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. The petitioner bears the burden of demonstrating that "in light of all the evidence, including evidence not introduced at trial, it is more likely than not that no reasonable juror

**MEMORANDUM DECISION AND ORDER - 8**

would have found [him] guilty beyond a reasonable doubt." *Id.* at 327; *see also House v. Bell*, 547 U.S. 518, 539 (2006).

In addition, a habeas proceeding is not a proper forum in which to re-litigate the case that has already been tried. "When confronted with a challenge based on trial evidence, courts presume the jury resolved evidentiary disputes reasonably so long as sufficient evidence supports the verdict." *House v. Bell*, 547 U.S. at 539. A persuasive claim of actual innocence must be based on *new* evidence that was not presented to the jury that is so compelling that the reviewing court must conclude that it is now probable that no rational juror would vote to convict the defendant. *See id.* at 538-39. Here, Petitioner has not offered that type of evidence, instead relying primarily on his personal opinion about the veracity of the trial witnesses and the reliability of the evidence that was presented. Based on the current showing, the miscarriage of justice exception does not apply.

Finally, earlier in this proceeding, Petitioner asserted that he had been appointed an attorney in the post-conviction proceeding in state district court but that the result of a hearing on the petition was "kept secret from [him]." (Dkt. 19, p. 2.) He further complained that he could not contact his appointed counsel, and that he would like to "waive [his] post-conviction for lack of intrust [sic] on Judge Cherie Copsey and [his] attorney Theresa Martin." (*Id.*) It is not clear whether Petitioner was kept informed of the status of his post-conviction case by his counsel or to what extent he is arguing that his failure to go forward in that matter was due to counsel's action or inaction.

**MEMORANDUM DECISION AND ORDER - 9**

A petitioner does not have a federal constitutional right to effective assistance of counsel during state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). As a result, until recently, a petitioner could not argue that his counsel's errors during the post-conviction action serve as a basis to excuse the procedural default of his claims. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 752 (1991).

Last term, however, the United States Supreme Court held that a persuasive showing of ineffective assistance of post-conviction counsel that resulted in the default of ineffective assistance of trial counsel claims may be a reason to ignore the procedural bar and reach the merits of those claims. *Martinez v. Ryan*, 132 S.Ct. 1309, 1315 (2012). The Court explained that the limited exception to the longstanding general rule was created "as an equitable matter, that the initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim." *Id*. at 1318.

In setting out the rule, the Court described two potential restrictions. First, the state post-conviction proceeding must represent the initial opportunity under state law for a defendant to raise claims of ineffective assistance of trial counsel (it must be an "initial-review collateral proceeding" as to those claims). *Id*. at 1317. Second, "[w]hen faced with the question whether there is cause for an apparent default, a State may answer that the ineffective-assistance-of-trial-counsel claim is insubstantial, *i.e*., it does

**MEMORANDUM DECISION AND ORDER - 10**

not have any merit or it is wholly without factual support, or that the attorney in the initial-review collateral proceeding did not perform below constitutional standards." *Id*. at 1319.

The Ninth Circuit has summarized the *Martinez* test as follows: "a reviewing court must determine whether the petitioner's attorney in the first collateral proceeding was ineffective under the test set out in *Strickland* [*v. Washington*, 466 U.S. 668 (1984)], whether the petitioner's claim of ineffective assistance of trial counsel is substantial, and whether there is prejudice." *Sexton v. Cozner*, 679 F.3d 1150, 1159 (9th Cir. 2012).

In addition to *Martinez*, the Supreme Court also held in a different case in the same term that an attorney's complete abandonment of his or her client in a post-conviction proceeding, which leaves the petitioner unrepresented at a critical time, may serve as cause. *Maples v. Thomas*, 132 S.Ct. 912, 917 (2012).

These cases were decided after the parties submitted their briefing on the procedural default issue, and Respondent has not lodged the record of the post-conviction proceedings beyond a register of actions showing the docket sheet. For those reasons, and in light of Petitioner's complaints about his post-conviction counsel, the Court is unable to discern whether the rules from *Martinez* or *Maples* might be applicable to this case.

The Court will therefore conditionally grant Respondent's Motion for Summary Dismissal, but will withhold entering final judgment until after Respondent has lodged

**MEMORANDUM DECISION AND ORDER - 11**

with the Court a copy of the filings in the state court post-conviction matter. The Court will also give Petitioner leave to file a supplemental brief to establish why his post-conviction counsel's ineffectiveness or abandonment, if any, should excuse the default of any of his claims. Respondent may respond, and Petitioner may file a reply. These are the only filings that will be permitted. The Court will then take up the cause and prejudice issue and either enter judgment dismissing the Petition on the ground of procedural default, if warranted, or set a schedule for additional pleadings, if cause and prejudice is shown.

## ORDER

**IT IS ORDERED:**

1. The Clerk of Court shall substitute Randy Blades, Warden of the Idaho State Correctional Institution, for the State of Idaho as the proper Respondent this matter.

2. Respondent's Motion to Strike Response re: Telephone Conference (Dkt. 56) is DENIED.

3. Petitioner's Motion: Rule 60(A)(B) Requesting Relie[f] (Dkt. 57) is DENIED.

4. Petitioner's Motion – Transcripts To: J (Dkt. 59) is DEEMED MOOT.

5. Respondent's Motion for Summary Dismissal (Dkt. 52) is conditionally GRANTED, but the Court will not enter judgment until the parties have

had an opportunity to address the cause and prejudice issue outlined above.

6. No later than November 16, 2012, Respondent shall supplement the State Court Record lodged with the Court with a copy of the filings from Ada County Case *Hoak v. State*, Case No. CV–PC–2008–24620.

7. No later than November 16, 2012, Petitioner may submit a supplemental brief, which he shall label a "Motion to Proceed With Habeas Petition," showing why cause and prejudice excuses any procedural default because of his post-conviction counsel's ineffectiveness or abandonment. Respondent shall file a response within 30 days of receiving a motion, and Petitioner may file a reply within 14 days of receiving a response. Petitioner's failure to comply with this Order may result in dismissal without further notice.

DATED: **September 13, 2012**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 13**